1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ANTHONY B. ALLEN,                    No.  2:12-CV-00226-JAM-KJN

12              Plaintiff,

13      v.                              **ORDER GRANTING, IN PART,**
                                        **DEFENDANT'S PARTIAL MOTION FOR**
14  RALEY'S, a California               **JUDGMENT ON THE PLEADINGS**
    Corporation; JOYCE RALEY
15  TEEL, an Individual; MICHAEL
    J. TEEL, an Individual; DOES
16  ONE through 100, Inclusive,

17              Defendants.

18

19      Presently before the Court is Defendant Raley's

20  ("Defendant") Motion for Partial Judgment on the Pleadings

21  pursuant to Federal Rule of Civil Procedure 12(c) (Doc. # 17).[1]

22  Defendant argues that it is entitled to judgment because

23  Plaintiff's first and third claims are precluded.  Plaintiff

24  Anthony Allen ("Plaintiff") opposes the motion (Doc. #21).

25  ///

26

27  _____

    [1] This motion was determined to be suitable for decision without
    oral argument. E.D. Cal. L.R. 230(g). The hearing was originally
28  scheduled for February 20, 2013.

                                1

# I.   BACKGROUND

This action arises from Plaintiff's allegations that Defendant impermissibly discriminated against him on the basis of race.  Plaintiff's complaint contains allegations related to his employment in Defendant's supermarkets beginning in 1984 and continuing to at least 2011.  Included in Plaintiff's complaint are the allegations that he was improperly denied a transfer to the produce department and a transfer to another of Defendant's stores on the basis of his race.  Plaintiff was actually transferred to the produce department in January 2010, and he sought to transfer stores prior to 2010.  Plaintiff also alleges that he was subjected to racially based epithets, mockery, and jokes from other employees.  Plaintiff also claims that when he complained to management he was rebuffed or threatened with retaliation.

On September 27, 2008, Plaintiff filed an action against Defendant in Yolo County Superior Court alleging that Defendant discriminated against him on the basis of race and failed to prevent discrimination in violation of the Fair Employment and Housing Act ("FEHA").  The primary issue in the state suit, as indicated by the verdict form, was whether or not Defendant wrongfully failed to transfer Plaintiff to the Produce Department or to another store.  The state trial also included testimony related to Defendant's employees' use of racially offensive language and jokes.  Judgment in the state action was entered in Defendant's favor on July 29, 2010.

On October 24, 2011, Plaintiff filed a complaint with the Equal Opportunity Employment Commission ("EEOC") and the

1    California Department of Fair Employment and Housing ("DFEH").

2    Plaintiff complained that other employees questioned and mocked

3    him about losing the state action, continued to use racially

4    offensive language, and gave him late breaks.  Plaintiff alleges

5    that he complained about this conduct, but nothing was done.

6    Eventually Plaintiff alleges that he was threatened with a write

7    up if he continued to complain.

8         Plaintiff then filed this suit in federal court on January

9    27, 2012.  His federal complaint contains three causes of action:

10   1) Race Discrimination in violation of the Fair Employment and

11   Housing Act ("FEHA"), Title VII of the Civil Rights Act, 42

12   U.S.C. § 2000e, and the Age Discrimination and Employment Act of

13   1967, 29 U.S.C. §§ 621-634; 2) Racial Harassment Pursuant to

14   California Government Code § 12940(j)(1) and Title VII; and 3)

15   Failure to Take All Reasonable Steps Necessary to Prevent

16   Harassment, California Government Code § 12940(k) and Title VII.

17   This Court has jurisdiction over these claims pursuant to 28

18   U.S.C. §§ 1331 and 1367.

19        For purposes of the present motion, Defendant argues that it

20   is entitled to judgment on Plaintiff's first and third claims

21   because they were previously litigated in the state law action

22   and are therefore precluded.  Defendant's motion only argues that

23   the first and third claims are precluded, but does not address

24   the sufficiency of Plaintiff's allegations generally.

25   Accordingly, the only issue raised by Defendant's motion and

26   decided by the Court in this order is the preclusive effect of

27   the state court judgment.

28

3

1        II.   OPINION

2    A.   Legal Standard

3        "A judgment on the pleadings is properly granted when,

4    taking all the allegations in the non-moving party's pleadings as

5    true, the moving party is entitled to judgment as a matter of

6    law."  Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir.

7    2010) (citations omitted).  "For purposes of the motion, the

8    allegations of the non-moving party must be accepted as true,

9    while the allegations of the moving party which have been denied

10   are assumed to be false."  Hal Roach Studios, Inc. v. Richard

11   Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).  A party can

12   bring a Rule 12(c) motion for judgment on the pleadings based

13   upon claim preclusion, also known as res judicata.  See Clark v.

14   Yosemite Community College Dist., 785 F.2d 781, 784 (1986).

15       A Rule 12(c) motion is the functional equivalent of a Rule

16   12(b)(6) motion, and the same legal standard applies to both.

17   Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.,

18   637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  In considering a Rule

19   12(c) motion, the court must accept the allegations in the

20   complaint as true and draw all reasonable inferences in favor of

21   the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

22   overruled on other grounds by Davis v. Scherer, 468 U.S. 183

23   (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

24   are mere "legal conclusions," however, are not entitled to the

25   assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

26   (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

27   (2007)).  To survive a Rule 12(c) motion, a plaintiff needs to

28   plead "enough facts to state a claim to relief that is plausible

4

1   on its face." <u>Twombly</u>, 550 U.S. at 570.  Judgment is appropriate

2   where the plaintiff fails to state a claim supportable by a

3   cognizable legal theory.  <u>Balistreri v. Pacifica Police</u>

4   <u>Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

5       In considering a motion under Rule 12(c), a court must

6   generally limit its review to the pleadings themselves.  <u>Hal</u>

7   <u>Roach Studios</u>, 896 F.2d at 1542.  However, "documents attached to

8   the complaint and incorporated by reference are treated as part

9   of the complaint, not extrinsic evidence" and, thus, may be

10  considered in a Rule 12(c) motion.  <u>Summit Media LLC v. City of</u>

11  <u>L.A., CA</u>, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing

12  <u>Voest-Alpine Trading USA Corp. v. Bank of China</u>, 142 F.3d 887,

13  891 n.4 (5th Cir. 1998)).  Extrinsic evidence that is subject to

14  judicial notice may be properly considered in a Rule 12(c)

15  motion.  <u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>, 189 F.3d 971,

16  981 n.18 (9th Cir. 1999).

17      B.   <u>Discussion</u>

18          1.   <u>Request for Judicial Notice</u>

19      Defendant requests that the Court take judicial notice (Doc.

20  #17-2) of the complaint, entry of judgment, excerpts of trial

21  testimony, and related documents derived from <u>Anthony Allen v.</u>

22  <u>Raley's, Inc.</u>, Case No. CV082591 (Yolo County Superior Court,

23  filed Sep. 30, 2008).

24      A court may take judicial notice of proceedings in other

25  courts if those proceedings are directly related to the matter at

26  hand.  <u>United States ex rel. Robinson Rancheria Citizens Council</u>

27  <u>v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (quoting <u>St.</u>

28  <u>Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.</u>, 605 F.2d

1  1169, 1172 (10th Cir. 1979)).  Defendant's current motion argues

2  that Plaintiff is estopped from raising his first and third

3  causes of action because they were raised or should have been

4  raised in Plaintiff's 2008 Yolo County Superior Court case.

5  Accordingly, the proceedings in that case are directly related to

6  the matter at hand and Defendant's request is granted.[2]

7       2.   Preclusion

8       Defendant's motion for judgment is premised on the

9  contention that Plaintiff's suit is partially precluded by

10 previous litigation in state court.  Defendant produced the

11 complaint from Plaintiff's prior suit, a judgment entered in

12 Defendant's favor, the jury verdict form, and excerpts of trial

13 testimony in order to show that the first and third claims in

14 Plaintiff's federal lawsuit are precluded.  Defendant also argues

15 that several issues necessarily decided by the prior suit cannot

16 be relitigated in this suit.  Plaintiff generally agrees that

17 preclusion applies in cases such as this, but argues that

18 Plaintiff's federal complaint is based on acts that occurred

19 after judgment was entered in the state court lawsuit.  Plaintiff

20 takes the position that anything occurring after the state court

21 judgment is not precluded.

22      Federal courts are required by the Full Faith and Credit

23

24 _____

[2] Plaintiff asks the Court to take judicial notice of the
25 judgment in O'Quinn v. Raley's, et al., No. 2:02-CV-308-MCE-KJM
   (E.D.C.A. 2007), as background evidence of Defendant's knowledge,
26 motive, and intent.  Opp. 2 n.1.  The only matter at issue here
   is whether or not Plaintiff's claims are precluded by a prior
27 state court judgment, meaning that Defendant's knowledge, motive,
   and intent are unrelated.  Plaintiff's request is therefore
28 denied for purposes of the present motion.

1   Clause of the U.S. Constitution to give preclusive effect to

2   state court judgments.  <u>Manufactured Home Communities Inc. v.</u>

3   <u>City of San Jose</u>, 420 F.3d 1022, 1031 (9th Cir. 2005).  The

4   doctrines of res judicata and collateral estoppel are the two

5   related preclusion doctrines commonly applied by federal courts.

6   <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).  Res judicata or claim

7   preclusion bars the relitigation of claims that were raised or

8   could have been raised in a prior action.  <u>Id.</u>  Collateral

9   estoppel or issue preclusion bars relitigation of questions of

10  law or fact that were necessary to a prior judgment.  <u>Id.</u>  "To

11  determine the preclusive effect of a state court judgment federal

12  courts look to state law."  <u>Id.</u>

13                  a)   <u>Res Judicata/Claim Preclusion</u>

14       Claim preclusion prevents the relitigation of a cause of

15  action that was or should have been litigated in a prior action.

16  <u>Torrey Pines Bank v. Superior Court</u>, 216 Cal.App.3d 813, 821

17  (1989).  The doctrine bars a party from relitigating 1) the same

18  claim, 2) against the same party, 3) when that claim proceeded to

19  a final judgment on the merits in a prior action.  <u>Mycogen Corp.</u>

20  <u>v. Monsanto Co.</u>, 28 Cal.4th 888, 896 (2002).  The doctrine

21  "precludes piecemeal litigation by splitting a single cause of

22  action or relitigation of the same cause of action on a different

23  legal theory or for different relief."  <u>Id.</u> (quotation omitted).

24       California courts use a primary right analysis to determine

25  what claims are precluded.  <u>Id.</u> at 904.

26       It provides that a 'cause of action' is comprised of a
27       'primary right' of the plaintiff, a corresponding
        'primary duty' of the defendant, and a wrongful act by
28       the defendant constituting a breach of that duty.

                                    7

[Citation.]  The  most  salient  characteristic  of  a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] . . .

Id. (quotations omitted) (alterations in original).  When a primary right was previously litigated, it cannot be relitigated in a subsequent suit.  See id. at 903-04.

Plaintiff concedes in his opposition that any claim previously brought in the state court judgement is precluded, but argues that claims arising from subsequent events are not precluded.  Opp. 7.  Defendant agrees that Plaintiff's claims are only barred insofar as they are "predicated on the same facts alleged in his previous State Action. . . ."  Defendant's Mot. 10.  This is because California's primary right doctrine considers the three parts of any primary right to be indivisible.  Thus, even if Plaintiff is bringing a claim for a violation of the same right, and Defendant allegedly breached the same duty, if the wrongful act constituting a breach of that duty occurred after entry of judgment in the state court suit, the third necessary element is lacking and the claim is not based on the same primary right.  Such a claim is not precluded.  See Clark v. Yosemite Cmty. Coll. Dist., 785 F.2d 781, 789 (9th Cir. 1986) ("The doctrine of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered. . . .").  Accordingly, Defendant's motion with respect to claim preclusion centers on when the wrongful acts alleged by Plaintiff occurred.  Since the state court judgment was entered on July 29, 2010, Plaintiff is not precluded from bringing a claim based on a wrongful act occurring after that date.

8

1    Plaintiff's complaint does not present an entirely clear

2  timeline, but in the sixth paragraph Plaintiff offers this key

3  allegation, "All or most of the events set forth herein occurred

4  within the year prior to Plaintiff's filing his complaint with

5  the Equal Employment Opportunity Commission and the Department of

6  Fair Employment and Housing Act [sic]." Compl. ¶ 6. Plaintiff's

7  EEOC complaint is attached to the Complaint, and it is dated

8  October 24, 2011. Compl. Ex. 1. Plaintiff therefore alleges,

9  and the Court accepts that allegation as true for purposes of

10  this motion, that the incidents detailed in the complaint

11  primarily concern events arising between October 24, 2010 and

12  October 24, 2011, well after the entry of judgment in the state

13  suit.

14    Any allegation noted in the complaint or shown through

15  Defendant's judicially noticed submissions to have occurred prior

16  to July 29, 2010 is precluded by res judicata. This is because

17  Plaintiff previously asserted claims based on race discrimination

18  and failure to prevent discrimination in the state lawsuit and

19  contended that Defendant breached its duty by failing to promote

20  and transfer Plaintiff. All three elements of the primary right

21  analysis are met, the parties agree that the elements of claim

22  preclusion are met, and claim preclusion therefore applies. The

23  allegations in the federal complaint, however, are not limited to

24  those pre-judgment incidents. Plaintiff alleges that his

25  supervisor mocked him by singing rhythm and blues songs as a form

26  of racial harassment after he lost in state court. Compl. ¶ 6.

27  When Plaintiff allegedly complained, he was rebuffed and

28  eventually threatened with disciplinary action if he did not stop

9

1  complaining.  Id.  Additionally, Plaintiff alleges that he was

2  subjected to racially offensive epithets during the time period

3  from October 24, 2010 to October 24, 2011.  Id.  Finally,

4  Plaintiff alleges that after each incident occurred, he

5  complained but nothing was done.  Id.

6      In conclusion, Plaintiff is barred from bringing claims

7  based on acts or omissions occurring prior to July 29, 2010.

8  Defendant is not, however, entitled to complete judgment on

9  Plaintiff's first and third claims because the Complaint contains

10 allegations originating after the operative date.  Defendant has

11 not shown that those allegations, which it admits are not

12 precluded, are unable to independently support Plaintiff's claims

13 at this stage of litigation.

14              b)   Issue Preclusion/Collateral Estoppel

15     Defendant also argues that Plaintiff is barred from

16 relitigating specific issues that were raised in his state suit.

17 Defendant points out that Plaintiff's federal complaint contains

18 allegations related to 1) Plaintiff's transfer to another store

19 and the produce department, 2) whether Defendant failed to

20 prevent discrimination after Plaintiff complained about the lack

21 of transfer, and 3) whether Defendant's employees used derogatory

22 terms and racial jokes.  Defendant's Mot. 15.

23     Under both California and federal law, collateral estoppel

24 or issue preclusion bars relitigation of an issue where three

25 requirements are met:

26     (1)  the issue necessarily decided at the previous
       proceeding is identical to the one which is sought to
27     be relitigated; (2) the first proceeding ended with a
       final judgment on the merits; and (3) the party

28

against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).

For purposes of issue preclusion, Defendant's motion succeeds and fails for reasons similar to those discussed with regard to claim preclusion.  First, Plaintiff is barred from relitigating Defendant's failure to transfer him to produce and another store.  The only question that the jury answered in the state action was, "Did Raley's wrongfully refuse to allow Anthony Allen to transfer to the Produce Department or between Raley's stores?"  The jury checked "No."  If anything was necessarily decided by the state court action, it was this question, and the parties agree that the other elements of issue preclusion are met.  The same reasoning applies to any alleged retaliation concerning the transfer requests.

Issue preclusion can only apply to Plaintiff's allegations concerning racial jokes and prevention of discrimination if the incidents occurred prior to entry of judgment in the state action.  This is because an issue that has not happened yet cannot be necessarily decided in litigation.  As discussed in the previous section, Plaintiff's complaint alleges that discrimination and harassment, along with Defendant's alleged failure to prevent and remedy them, occurred both before and after judgment was entered in the state law complaint.  Based on Plaintiff's 2011 EEOC complaint, Plaintiff alleges that at least some of this harassment resulted from the state court judgment against him and therefore postdates the entry of judgment.

1    Additionally, the state court judgment did not reach the
2    issue of racially offensive language.  A prima facie race
3    discrimination claim under both FEHA and Title VII has four
4    elements: 1) the plaintiff is a member of a protected class, 2)
5    he was competently performing, 3) he suffered an adverse
6    employment action, and 4) evidence suggests a discriminatory
7    motive.  Gathenji v. Autozoners, LLC, 703 F. Supp. 2d 1017, 1028
8    (E.D. Cal. 2010).  In Plaintiff's state action, the jury first
9    determined that Plaintiff did not suffer an adverse employment
10   action, i.e., Defendant's failure to transfer him between
11   departments and stores was not wrongful.  The jury never decided
12   whether Defendant's employees used racially offensive language.
13   It was not necessary for them to do so absent a finding of an
14   adverse employment action because they had no reason to determine
15   whether the evidence suggested a discriminatory motive, and the
16   verdict form does not decide this issue one way or another.
17   Thus, this issue is not precluded because it was not necessarily
18   decided in prior litigation.  While Plaintiff is barred from
19   relitigating the failure to transfer claims raised in the state
20   court litigation, he is not precluded by collateral estoppel from
21   raising the issue of Defendant's employees' alleged use of
22   racially offensive language.

23

24                          III. ORDER

25   Defendant's Motion for Judgment on the Pleadings is GRANTED,
26   in part.  Plaintiff is precluded from relitigating claims related
27   to his requests to transfer stores and departments prior to July
28   29, 2010.  Defendant's Motion for Judgment on the entirety of

1  Plaintiff's First and Third Claims for Relief is DENIED.

2  Plaintiff may proceed with those claims but only insofar as they

3  are based on events occurring after July 29, 2010.

4       IT IS SO ORDERED.

5  Dated: April 2, 2013

6                                    JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28