DOWNEY BRAND LLP
DANIEL J. COYLE (Bar No. 119274)
SHAYE SCHRICK (Bar No. 238354)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
dcoyle@downeybrand.com
sschrick@downeybrand.com

Attorneys for Defendant
RALEY'S

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY B. ALLEN,

Plaintiff,

v.

RALEY'S, a California Corporation; JOYCE RALEY TEEL, an Individual; MICHAEL J. TEEL, an Individual; DOES ONE through 100, Inclusive,

Defendants.

Case No. 2:12-cv-00226 JAM KJN

**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, or personal identifying information pertaining to individuals, subject to protection under federal or California law. Such documents and responses designated "confidential," including the information contained therein, are hereinafter referred to as "Confidential Information." Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

////

DOWNEY BRAND LLP

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

b) employees of such counsel;

c) individual defendants, class representatives, any putative class member who has filed a consent with the Court to join in this litigation, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A) (which shall be retained by counsel to the party so disclosing the

Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

e) any authors or recipients of the Confidential Information;

f) the Court and Court personnel;

g) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

g) witnesses (other than persons described in paragraph 4 (e)).

A witness shall sign the "Agreement to Be Bound by Protective Order" (Exhibit A) before being shown Confidential Information. Confidential Information may be disclosed to a witness who will not sign the "Agreement to Be Bound by Protective Order" (Exhibit A) only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. The filing of any confidential documents, materials, and/or information shall be made under seal. This Stipulation and Order is intended primarily to facilitate the exchange of documents between the parties. It is not intended to bind the Court at this time from declining to authorize the filing of documents under seal in the future. Rather, this provision provides a mechanism by which the parties may eliminate or narrow any disputes that may arise in the future regarding the need for filing any documents under seal. To that end, the parties agree and stipulate that, if any party anticipates filing Confidential Information with the Court in circumstances covered by Eastern District Local Rule 141, such party shall notify all other parties

no less than three (3) days, time permitting, before any such filing occurs and provide to all other parties a list specifically itemizing (by Bates designation or similarly specific notation) the Confidential Information anticipated to be filed. Any other party objecting to the anticipated filing of Confidential Information shall state its objection to the notifying party within two (2) days after the notification has been received. The parties shall confer in good faith to resolve any issues raised by the above notification and objection process to determine whether grounds exist for the filing of any documents under seal, pursuant to the provisions of Eastern District Local Rule 141 prior to engaging in the procedures set forth in those Rules. If, after the foregoing good faith consultation between the parties, the notifying party still intends to file documents containing Confidential Information with the Court, and if the objecting party still objects, the notifying party shall then comply with the provisions of Eastern District Local Rule 141 and the parties shall have all rights and opportunities to resolve the matter under the procedures stated in the Rules. Nothing in this Agreement and Order shall be construed as though the Court has already ordered the filing of any documents under seal.

7. A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or nonparty as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have fifteen (15) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

////

////

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c) the Court rules the material is not Confidential Information.

10. All provisions of the Stipulation for Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed. Conclusion of this action shall refer to termination of the litigation by way of dismissal or judgment. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

////

////

////

////

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED: July 2, 2013

DOWNEY BRAND LLP

By: /s/ Daniel J. Coyle
DANIEL J. COYLE
Attorney for Defendant
RALEY'S

DATED: June 30, 2013

LARRY L. BAUMBACH

By: /s/ Larry L. Baumbach
LARRY L. BAUMBACH
Attorney for Plaintiff
ANTHONY B. ALLEN

**ORDER**

Pursuant to the Stipulation for Protective Order entered into by and between the parties as set forth above, and pursuant to Eastern District Local Rule 141.1, the Court hereby orders as follows:

The terms of the Stipulation for Protective Order and Protective Order set forth above shall govern confidentiality of discovery in this case until conclusion of this action or further order of the Court.

IT IS SO ORDERED.

**Date: 7/3/2013**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____________________________, of ______________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on ________, 2013 in the case of *Allen v. Raley's et al*, Case No. 2:12-cv-00226 JAM KJN. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order.

I hereby appoint ______________________ of ____________________________________ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: ___________________

City and State where sworn and signed: _____________________________

Printed name: _________________________________

Signature: ____________________________________

DOWNEY BRAND LLP